Veraso Med. Supply Corp. v Nationwide Ins. (2021 NY Slip Op 51167(U))

[*1]

Veraso Med. Supply Corp. v Nationwide Ins.

2021 NY Slip Op 51167(U) [73 Misc 3d 139(A)]

Decided on November 26, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 26, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2020-248 K C

Veraso Medical Supply Corp., as Assignee
of Suarez, Pedro, Appellant, 
against
Nationwide Ins., Respondent. 

The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for appellant.
McCormack, Mattei & Holler (Jamila Shukry of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Robin
Kelly Sheares, J.), entered July 22, 2019. The judgment, after a nonjury trial, dismissed the
complaint.

ORDERED that the judgment is affirmed, with $25 costs.
In this action, plaintiff seeks to recover the principal sum of $2,720.72 in assigned first-party
no-fault benefits. At a nonjury trial, the only issue to be tried was whether plaintiff was eligible
to receive reimbursements for its no-fault claims (see 11 NYCRR 65-3.16 [a] [12]).
Following the trial, the Civil Court dismissed the complaint. 
At trial, defendant sought to prove that plaintiff, a medical supply company located in
Brooklyn, New York, is not eligible to recover pursuant to 11 NYCRR 65-3.16 (a) (12), which
states, insofar as is relevant here, that "a provider of health care services is not eligible for
reimbursement under section 5102 (a) (1) of the Insurance Law if the provider fails to meet any
applicable New York State or local licensing requirement necessary to perform such service in
New York." Contrary to plaintiff's contention, the proof adduced at trial was sufficient to
establish by a preponderance of the credible evidence that plaintiff had failed to comply with the
[*2]local licensing requirements (see Administrative Code
of City of NY § 20-425; 6 RCNY § 2-271). Plaintiff's remaining contentions are raised
for the first time on appeal and we decline to consider them.
Accordingly, the judgment is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 26, 2021